

**FILED & ENTERED**

**OCT 09 2018**

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez  DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:     Noam Bouzaglou, Debtor | Case No.:   2:14-bk-25055-ER<br>Adv. No.:   2:14-ap-01645-ER |
| Jeanne Haworth,<br><br>                                        Plaintiff<br>           v.<br>Noam Bouzaglou,<br><br>                                        Defendant | **MEMORANDUM OF DECISION OVERRULING JUDGMENT DEBTOR'S OPPOSITION TO ISSUANCE OF ORDER AUTHORIZING LEVY ON SAFE DEPOSIT BOXES**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

    The Court has reviewed the *Request for Order Authorizing Levy on Safe Deposit Boxes* [Doc. No. 88] (the "Motion"), the *Defendant's Opposition* [Doc. No. 90] (the "Opposition"), and the *Reply in Support of Judgment Creditor's Request for Order Authorizing Levy on Safe Deposit Boxes* [Doc. No. 91] (the "Reply"). Pursuant to Civil Rule 78(b)[1] and LBR 9013-1(j)(3), the Court finds this matter suitable for disposition without oral argument. For the reasons set forth below, the Defendant's Opposition is OVERRULED and the Motion is GRANTED.

    Noam Bouzaglou (the "Judgment Debtor") contends that the Motion is "vague," and objects to the Motion on the grounds that it "does not talk about name [sic] that were in the order for

---

[1] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§101–1532.

Additional names …" Opposition at p. 2. The latter objection refers to the fact that upon the motion of Jeanne Haworth (the "Judgment Creditor"), the Court entered an *Order Granting Request for Recognition of Additional Name(s) of Judgment Debtor, Noam Bouzaglou, as to Abstract of Judgment and Writ of Execution* [Doc. No. 68] (the "Recognition Order"). The Recognition Order was entered based upon the Court's finding that Judgment Creditor had satisfied the requirements set forth in Cal. Civ. Proc. Code §608.135, and therefore was entitled to entry of an order recognizing that the Judgment Debtor, Noam Bouzaglou, is also known by the identities "Noam Bouzaglou dba NB Builder" and "Noam Bouzaglou dba 2205 Hill Street."

The Court finds that the objections asserted by the Judgment Debtor lack merit. First, there is nothing vague about the Motion—it seeks an order authorizing the U.S. Marshal to levy on safe deposit boxes, and specifically cites the statutes which entitle the Judgment Creditor to the relief requested. Second, the Judgment Debtor's contention that the Motion fails to disclose the existence of the Recognition Order is incorrect. The declaration of Rachel M. Sposato, filed in support of the Motion, describes the Recognition Order. Finally, there is no merit to the Judgment Debtor's contention that the Motion must be denied because it will impose a burden upon him.

Based upon the foregoing, the Motion is GRANTED and the Judgment Debtor's objections thereto are OVERRULED. The Court will enter an order authorizing the U.S. Marshal to levy upon safe-deposit boxes under the names of the Judgment Debtor.

###

Date: October 9, 2018

Ernest M. Robles
United States Bankruptcy Judge